IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS MARTIN HUDMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:03-CV-273-T |
| ) | |
| ARNOLD HOLT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction and Procedural History**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Thomas Martin Hudmon ("Hudmon"), a state inmate, on March 11, 2003. In this petition, Hudmon challenges convictions for unlawful possession of methamphetamine and conspiracy to traffic in methamphetamine entered against him by the Circuit Court of Chambers County, Alabama on October 18, 2000. The trial court sentenced Hudmon to concurrent terms of ten years and twenty years imprisonment on these convictions.[1]

Hudmon filed a direct appeal of his controlled substance convictions in which he raised the following claims for relief: (1) the trial court committed reversible error in denying petitioner's motion for judgment of acquittal because the State failed to submit any

---

[1] The twenty-year sentence imposed for the conspiracy conviction consisted of a fifteen-year sentence plus an additional five years under the mandatory firearm enhancement contained in § 13A-12-231(13) which requires that "any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided . . ."

evidence to corroborate the testimony of admitted accomplices;[2] (ii) the trial court committed reversible error in imposing a mandatory minimum sentence of fifteen years for the conspiracy to traffic in methamphetamine conviction because the State failed to produce sufficient evidence that the conspiracy involved in excess of one kilogram of methamphetamine; (iii) the trial court committed reversible error in applying the firearm enhancement to the petitioner's conspiracy sentence as there was no evidence that the petitioner possessed a firearm in furtherance of the conspiracy; and (iv) the trial court committed reversible error in denying the petitioner's motion to suppress evidence obtained in a search of his vehicle.  On November 21, 2001, the Alabama Court of Criminal Appeals affirmed Hudmon's controlled substance convictions in a memorandum opinion.  *See Respondents' Exhibit D - Memorandum Opinion on Direct Appeal.*[3]  The relevant portion of this decision reads as follows:

> First, Hudmon argues that the trial court erroneously denied his motions for judgment of acquittal regarding both charges . . . Specifically, Hudmon claims that the State failed to produce sufficient evidence in corroboration of the testimony of Hudmon's three accomplices, Lisa Rollins, Gene James, and Shane Gay.
>
>> "The action of the trial court in denying a motion for judgment of acquittal must be reviewed by determining whether there exists legal evidence before the jury, at the time the motion is

---

[2]In support of this claim, Hudmon argued that, other than the uncorroborated testimony of his co-defendants, the State produced no evidence to support either of the charges against him and failed to submit any evidence that drugs were found on his person or in his vehicle.

[3]The court withdrew its initial opinion and issued this opinion on Hudmon's application for rehearing.

> made, from which the jury by fair inference could find the defendant guilty beyond a reasonable doubt. *Willis v. State*, 447 So.2d 199 (Ala.Cr.App. 1983); *Thomas v. State*, 363 So.2d 1020 (Ala.Cr.App. 1978)."

*Newsome v. State*, 570 So.2d 703, 710 (Ala.Crim.App. 1990).

> "'Corroboration need only be slight to suffice.' *Ingle v. State*, 400 So.2d 938, 940 (Ala.Crim.App. 1981). Circumstantial evidence is sufficient to show corroboration. *Jackson v. State*, 451 So.2d 435, 437 (Ala.Crim.App. 1984). 'The testimony of an accomplice must be corroborated "by other evidence tending to connect the defendant with the commission of the offense," but it is not necessary that there should be other evidence which would, of itself, warrant a conviction.' *Kuenzel v. State*, 577 So.2d 474, 515 (Ala.Crim. App.1990), quoting *Lumpkin v. State*, 68 Ala. 56, 57-58 (1880)."

*Tolliver v. State*, [814 So.2d 991] (Ala.Crim.App. 2000).

The evidence at trial showed that the police had observed Hudmon at the residence where the methamphetamine lab was located several times in the days before the execution of the search warrant. On the night of the search, police saw Hudmon drive his truck down the dead-end road to the residence in question. Hudmon drove past the last inhabited dwelling on the dead-end street before reaching the residence in question. As the police approached the vehicle, Hudmon was moving suspiciously about the cab of his truck, attempting either to put something into or take something out of his pockets and moving things around on the floorboard of the truck. In the cab and the bed of Hudmon's truck, police found paraphernalia commonly used in the "cooking" of methamphetamine, including tubing, ether, pots, pans, and a piece of paper entitled "Methamphetamine Frequently Asked Questions." Additionally, police found a piece of paper in his wallet with what appeared to be a list of ingredients. At trial, Taylor Nogle, the Deputy Director for Laboratory Services of the Alabama Department of Forensic Sciences, testified that the list consisted of items necessary to make methamphetamine. The State presented sufficient evidence to connect Hudmon to the possession and trafficking of methamphetamine in the residence. Therefore, the State corroborated the testimony of Hudmon's co-defendants, and his claim is

without merit.

## II.

Second, Hudmon argues that the trial court erred to reversal by imposing a mandatory minimum sentence of fifteen years pursuant to § 13A-12-231(11)(c) for his conviction for conspiracy to traffic in methamphetamines. Specifically, Hudmon maintains that the sentence was not supported by the evidence presented at trial because "there [was] no testimony or physical evidence which by any interpretation could be construed as corroborating Lisa Rollins' statements concerning [his] participation in the manufacture of any of the [1,050 grams of] methamphetamine or substance containing methamphetamine which were found in the residence or shed during the search." Although Hudmon couches his argument, which he presented to the trial court, in sentencing terms, he is actually contesting the sufficiency of the corroborative evidence, which we addressed above in Part I. For the reasons stated in Part I, the State presented sufficient corroborative evidence, and Hudmon's claim is without merit.

## III.

Third, Hudmon argues that the trial court erred to reversal by applying the firearm enhancement provision to his sentence. At trial, Hudmon contested the firearm enhancement on the ground that the enhancement only applied in the case of a trafficking conviction, not in the case of a <u>conspiracy</u> to traffic conviction. In his postjudgment motion for a judgment of acquittal or a new trial, he claimed that, although he possessed a firearm at the time of his arrest, the State presented no evidence that the possessed that firearm "in the furtherance of the conspiracy," as required by *Browder v. State*, 728 So.2d 1113 (Ala.Crim.App. 1998). Hudmon makes this same claim on appeal. However, neither the firearm enhancement statute, nor *Browder*, require that the trial court find that Hudmon possessed a firearm "in furtherance of the conspiracy."

Section 13A-12-231913), Ala. Code 1975, provides:

> "Notwithstanding any provision of law to the contrary, <u>any person who has possession of a firearm during the commission of any act proscribed by this section</u> shall be punished by a

4

> term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand dollars ($25,000); the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence."

(Emphasis added.) The statute does not require a finding that the person used the firearm in furtherance of the conspiracy; rather, it requires only a finding that the person possessed the firearm during the commission of the act. In this case, the trial court found specifically that "[Hudmon was] in possession of a firearm at the time of the offense."

As the State points out, *Browder* does not require proof that a coconspirator who actually possessed a weapon during the commission of the conspiracy also possessed the weapon "in furtherance of" the conspiracy. In *Browder*, the Alabama Supreme Court, adopted the three-pronged test from *United States v. Otero*, 890 F.2d 366 (11th Cir. 1989),

> "for determining whether a sentence enhancement based on a coconspirator's possession of a firearm is proper:
>
>> "'[F]irst, the possessor must be charged as a co-conspirator; second, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy; and third, the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearm's possession.'
>
> "*Otero*, 890 F.2d 366, at 367. We adopt this test as a useful method for determining whether a defendant is to be found to constructively possess a firearm on the basis that his coconspirator possesses a firearm. If it finds that one conspirator possessed the firearm, under the constructive-possession rationale of *Ynosencio [v. State*, 629 So.2d 795 (Ala.Crim.App. 1993)], then the trial court should determine whether to enhance the sentence of the other conspirator, by applying the three-pronged test from *Otero*."

*Browder*, 728 So.2d at 1112. Because the inquiry here did not involve whether Hudmon was in constructive possession of the gun by virtue of a coconspirator's actual possession of a gun, *Browder* was inapplicable. Hudmon was found to be in actual possession of the gun, which was a sufficient finding to implicate the firearm enhancement in § 13A-12-231(13). Therefore, Hudmon's claim is without merit.

IV.

Fourth, Hudmon argues that the trial court erred to reversal by denying his motion to suppress evidence obtained from a search of his vehicle. Specifically, Hudmon claims that, although the search of the residence and of the shed was authorized by a search warrant, and that warrant authorized the search of vehicles parked on the curtilage, his car was not parked on the curtilage when police officers stopped him and removed him from his vehicle. Hudmon concedes that Officer Abernathy saw, lying on the front seat, a manila envelope containing a paper entitled "Methamphetamine Questions Commonly Asked," the title of which was visible when Officer Abernathy viewed it. Hudmon also concedes that Officer Abernathy saw plastic tubing in the floorboard of the truck and pots, pans, Rudo drain opener, and what appeared to be a case of ether in the bed of the truck.

In his motion to suppress, Hudmon argued that there was neither probable cause nor exigent circumstances to authorize a warrantless, nonconsensual search of his vehicle. At the hearing on his motion to suppress, Hudmon argued that his vehicle was not parked on the curtilage, and therefore the search warrant did not encompass his vehicle. At trial, Hudmon offered "a continuing objection to everything that was observed or seen or seized from the truck on the ground that [the officer] had no probable cause to take it." At the close of the State's case-in-chief, Hudmon renewed his motion to suppress and argued, for the first time, that there was neither probable cause nor exigent circumstances, and that the items taken "were not in plain view as that term is commonly defined ... ." At the close of all the evidence, Hudmon again renewed his motion to suppress "on the grounds previously argued."

On appeal, Hudmon alters his claim. Here, he argues that the search of his vehicle was not justified by the "plain view" exception to a warrantless search because "there was no <u>contraband</u> found in plain view which could be interpreted as evidence of wrongdoing." We note initially that, although

6

Hudmon presented several specific arguments to the trial court regarding his motion to suppress, he objected on "plain view" grounds only at the close of the State's case-in-chief and at the close of all of the evidence. Therefore, that specific objection was untimely. Additionally, although one of Hudmon's untimely arguments was based on "plain view," it was substantively a different argument than that which he has presented on appeal. At trial, Hudmon argued that the items were not, in fact, in plain view. On appeal, Hudmon argues that, although in plain view, the items in his truck were not, in fact, contraband and that, therefore, the police should not have recognized the items as evidence of wrongdoing. Hudmon never presented this particular argument regarding the items not being contraband to the trial court. "Specific grounds of objection waive all other grounds not specified at trial." *Smith v. State*, 602 So.2d 470, 472 (Ala.Crim.App. 1992). Therefore, Hudmon has not preserved this claim for appellate review.

Moreover, Hudmon's argument that the evidence seized from his truck was not contraband is without merit.

> "'This court has long held that warrantless searches are per se unreasonable, unless they fall within one of the recognized exceptions to the warrant requirement. See, e.g., *Chevere v. State,* 607 So.2d 361, 368 (Ala.Cr.App.1992). These exceptions are: (1) plain view; (2) consent; (3) incident to a lawful arrest; (4) hot pursuit or emergency; (5) probable cause coupled with exigent circumstances; (6) stop and frisk situations; and (7) inventory searches. *Ex parte Hilley,* 484 So.2d 485, 488 (Ala.1985); *Chevere,* supra, 607 So.2d at 368.'"

*State v. Mitchell*, 722 So.2d 814 (Ala.Cr.App.1998), quoting *Rokitski v. State*, 715 So.2d 859 (Ala.Cr.App.1997).

> "In order to decide whether the cocaine was lawfully seized, we must determine whether the elements of the plain-view exception are satisfied. The plain view exception to the search warrant requirement " 'permits a warrantless seizure of evidence if the seizing officer (1) has prior justification for the intrusion, (2) comes upon the evidence inadvertently, and

7

> (3) immediately recognizes the objects discovered as evidence of wrongdoing.' " *Smith v. State,* 472 So.2d 677, 682-83 (Ala.Cr.App.1984), quoting *Herrin v. State,* 349 So.2d 103 (Ala.Cr.App.1977). In 1990, however, the United State Supreme Court abandoned the inadvertent requirement for the plain-view search. *Gilbert v. State,* 686 So.2d 266, 267 (Ala.Civ.App.1996) (citing *Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990))."

*State v. Otwell*, 733 So.2d 950, 952 -953 (Ala. Crim. App. 1999)(emphasis added). Officer Tommy Weldon testified that he recognized the tubing as a laboratory component for "cooking" methamphetamine and that he knew that ether and drain cleaner were also used in the "cooking" process. Thus Officer Weldon "immediately recognize[d] the objects discovered as evidence of wrongdoing," and Hudmon's claim on appeal is without merit.

V.

Finally, we note that the trial court enhanced Hudmon's sentence pursuant to the firearm enhancement in § 13A-12-231(13), Ala. Code 1975, which provides:

> "Notwithstanding any provision of law to the contrary, any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand dollars ($25,000); that court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence."

Because this enhancement has the potential to cause Hudmon's sentence to be more than that which is statutorily permissible, we evaluate the enhancement for any implication of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Initially, we note that Hudmon did not raise an *Apprendi* objection at the trial court level. Therefore, he has not preserved this issue for appellate review. *Poole v. State*, [846 So.2d 370] (Ala.Crim.App. 2001). Moreover, Hudmon's sentence falls within the statutory range for the base conviction

8

for conspiracy to traffic in methamphetamines. Section 13A-12-204(c), Ala. Code 1975, provides that "[a] criminal conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy." Section 13A-12-231(12), Ala. Code 1975, provides that the felony of "'trafficking in methamphetamine' ... shall be treated as [a] Class A felon[y]." Section 13A-5-6(a)(1), Ala. Code 1975, establishes the term of imprisonment for a Class A felony as "for life or not more than 99 years or less than 10 years." Hudmon's overall sentence for his conspiracy to traffic conviction was 20 years, which falls within the statutory range of punishment for his conviction. Therefore, any error in enhancing his sentence was harmless. *Poole*, *supra*.

For the reasons stated above, the judgment of the trial court is hereby affirmed.

*Respondents' Exhibit D - Memorandum Opinion on Direct Appeal* at 1-7 (footnotes, citations to record and citations to briefs omitted). On November 8, 2002, the Alabama Supreme Court denied Hudmon's petition for writ of certiorari. *See Respondents' Exhibit E*.

Hudmon filed this 28 U.S.C. § 2254 petition on March 11, 2003, in which he asserts the following claims for relief:

1. The trial court committed reversible error in denying petitioner's motion for judgment of acquittal at the conclusion of the State's case in chief as the State failed to produce evidence of his possession of 28 grams or more of methamphetamine.

2. The trial court committed reversible error in imposing a mandatory minimum sentence of fifteen years for the conspiracy conviction as the evidence failed to establish his involvement in a conspiracy involving more than one kilo of methamphetamine.

9

    3.    The trial court committed reversible error in applying the firearm enhancement to petitioner's conspiracy sentence because: (i) the State failed to prove that petitioner obtained the firearm for the purpose of committing the charged offense as required under state law; and (ii) no indictment existed on the firearm enhancement provision thereby rendering the enhancement unconstitutional.

    4.    The trial court committed reversible error in denying petitioner's motion to suppress evidence obtained in a search of his vehicle as his truck was outside the scope of the search warrant and he did not consent to the search.

## II. DISCUSSION

The respondents maintain that to the extent Hudmon asserts claims which challenge the sentence imposed for the conspiracy conviction as violating state law, these issues fail to provide a basis for federal habeas relief. With respect to Hudmon's attacks on the sufficiency of the evidence and his challenge to the constitutionality of the conspiracy sentence as beyond that which is authorized by law, it is clear that these claims entitle Hudmon to no relief as they were properly adjudicated on the merits by the state courts. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 495, 1518-1523 (2000). Finally, the respondents argue that the illegal search and seizure claim is precluded from review by this court because Hudmon had a full and fair opportunity to litigate this issue in the state courts. *See Stone v. Powell*, 428 U.S. 465 (1976).

Upon review of the § 2254 petition, the answer of the respondents and Hudmon's

response to the answer, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

### A.  State Law Claims

Hudmon maintains that the trial court improperly levied a fifteen year sentence upon him for the conspiracy conviction and likewise erred in imposing the firearm enhancement on this sentence, as state law did not authorize such an action.  To the extent that Hudmon bases his challenges to the conspiracy sentence as violating state law, these claims are due to be denied as a state court's interpretation of its own laws and rules provides no basis for federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

### B.  Claims Adjudicated by the State Courts

The petitioner's request for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act.  *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000); *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits

in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."). Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, 529 U.S. at 412-413 (2000), the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

The Court explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' . . . clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389

(2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853 (2003). Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams,* [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). A federal district court is not to decide "the correctness *per se* . . . of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d) . . ." 538 U.S. at 636, 123 S.Ct. at 1851.

The record establishes that the state courts addressed the merits of Hudmon's sufficiency claim and his challenges to the constitutionality of the sentence imposed for the conspiracy conviction. On direct appeal, the Alabama Court of Criminal Appeals adjudicated these claims adversely to the petitioner on the merits. Specifically, the appellate court determined that "[t]he State presented sufficient evidence to connect Hudmon to the possession and trafficking of [the 1,050 grams of] methamphetamine [found] in the residence." *Respondents' Exhibit D - Memorandum Opinion on Direct Appeal* at 2. In addressing the mandatory sentence imposed by the trial court for the conspiracy conviction, as increased by the firearm enhancement, the court reasoned as follows:

> . . . Because this enhancement has the potential to cause Hudmon's sentence to be more than that which is statutorily permissible, we evaluate the enhancement for any implication of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
>
> Initially, we note that Hudmon did not raise an *Apprendi* objection at the trial court level. Therefore, he has not preserved this issue for appellate

> review. *Poole v. State*, [846 So.2d 370] (Ala.Crim.App. 2001). Moreover, Hudmon's sentence falls within the statutory range for the base conviction for conspiracy to traffic in methamphetamines. Section 13A-12-204(c), Ala. Code 1975, provides that "[a] criminal conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy." Section 13A-12-231(12), Ala. Code 1975, provides that the felony of "'trafficking in methamphetamine' ... shall be treated as [a] Class A felon[y]." Section 13A-5-6(a)(1), Ala. Code 1975, establishes the term of imprisonment for a Class A felony as "for life or not more than 99 years or less than 10 years." Hudmon's overall sentence for his conspiracy to traffic conviction was 20 years, which falls within the statutory range of punishment for his conviction. . . .

*Respondents' Exhibit D - Memorandum Opinion on Direct Appeal* at 5-7 (footnote omitted).[4] The Alabama Supreme Court denied Hudmon's petition for writ of certiorari. This Court must therefore review the instant claims for habeas corpus relief in accordance with the directives contained in 28 U.S.C. § 2254(d)(1) and (2). *Price*, 538 U.S. at 638-639, 123 S.Ct. at 1852 (2003); *Williams*, 529 U.S. at 402, 120 S.Ct. at 1518. In denying Hudmon relief on his sufficiency and sentence enhancement claims, the Alabama Court of Criminal Appeals did not apply "a rule that contradicts the governing law set forth in [Supreme Court] cases" nor did the state court "confront[] a set of facts . . . materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrive[] at a result different from [Supreme Court] precedent." *Williams*, 529 U.S. at 405-406, 120 S.Ct. 1519-1520. This court will therefore assess whether the state court's denial of these claims

---

[4]Since the sentence imposed against Hudmon for the conspiracy conviction fell within the prescribed statutory maximum, the holdings of *Apprendi* and its progeny are not applicable and do not provide the petitioner a basis for federal habeas relief. *See United States v. Sanchez*, 242 F.3d 1294 (11th Cir. 2001) (Although the defendant received an enhanced sentence due to possession of a firearm and the indictment did not allege drug quantity, *Apprendi* is inapplicable because the sentence fell within the statutory range of punishment).

"resulted in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  In so doing, this court's inquiry is limited to "whether the state court's application of clearly established federal law was objectively reasonable." *Williams*, 529 U.S. at 409, 120 S.Ct. at 1521.

Upon thorough review of the record in this case, it is clear that the state appellate court's rejection of Hudmon's challenge to the sufficiency of the evidence and its adverse decision on his claim attacking the constitutionality of the conspiracy sentence were objectively reasonable.  The opinion issued by the Alabama Court of Criminal Appeals on these issues likewise constituted a reasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(2).  Hudmon is therefore due no relief from this court on these claims.

### C. The Fourth Amendment Claim

Hudmon contends that the trial court committed reversible error in denying his motion to suppress evidence obtained during the search of his truck as this search violated his Fourth Amendment rights.  A federal court may not entertain Fourth Amendment claims if the State provided an opportunity for full and fair litigation of such claims.  *Stone v. Powell*, 428 U.S. 465 (1976).  Thus, before this court may reach the merits of Hudmon's Fourth Amendment claim, it must determine whether the petitioner had an opportunity for full and fair litigation of this claim in the state courts.  If Hudmon had such an opportunity,

habeas corpus relief may not be granted by this court. *Cardwell v. Taylor*, 461 U.S. 571 (1983).

During the proceedings before the Circuit Court of Chambers County, Hudmon, through counsel, filed a motion to suppress challenging the search of his truck. The trial court conducted a suppression hearing on this motion. Based on the evidence presented at this hearing, the court denied the motion to suppress. On direct appeal, Hudmon again challenged the constitutionality of the search of his truck. The Alabama Court of Criminal Appeals likewise denied Hudmon relief. *See Respondents' Exhibit D - Memorandum Opinion on Direct Appeal* at 4-5. In light of the foregoing, the court concludes that Hudmon was afforded the opportunity for full and fair consideration of his Fourth amendment claim in the state courts. Consequently, this claim is precluded from federal habeas review. *Stone*, 428 U.S. at 494; *Bradley v. Nagle*, 212 F.3d 559, 564 (11th Cir. 2000).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Thomas Martin Hudmon be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before August 1, 2005 the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.)

DONE, this 18th day of July, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE